IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00731-FL

| | |
|---|---|
| NEIL C. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 16, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, denies plaintiff's motion, grants defendant's motion, and affirms defendant's final decision.

## BACKGROUND

On December 8, 2014, plaintiff protectively filed applications for a period of disability and disability insurance benefits, alleging disability beginning May 11, 2011. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held April 6, 2016, denied plaintiff's claims by decision entered April 15, 2016. Following the ALJ's denial of his applications, plaintiff timely filed a request for review

before the Appeals Council. The Appeals Council denied plaintiff's request, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 11, 2011. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease in the right shoulder; a history of surgical repair of a rotator cuff tear and a biceps tear in the right shoulder; degenerative joint disease in both knees; degenerative disc disease and scoliosis in the lumbosacral spine; and mild obesity. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a light work with the following restrictions: sit for six hours in an eight-hour work day and stand/walk for a total of six hours in an eight-hour workday; must have the flexibility to use a handheld assistive device, such as a cane, while standing and walking; lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; never climb ladders, scaffolds, or ropes; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, and crouch; can never crawl; can occasionally reach overhead with the non-dominant upper extremity.

At step four, the ALJ concluded plaintiff was unable to perform his past relevant work as a flatbed truck driver, tractor trailer truck driver, or dump truck driver. At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

Plaintiff argues the ALJ failed to accord appropriate weight to the opinion evidence in the record and erred in determining that plaintiff was able to perform light work with restrictions noted in the RFC determination.

In his objections, plaintiff identifies no particular error in the M&R, but rather, restates without substantive alteration, arguments made in motion for judgment on the pleadings. (DE 17; DE 23). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

The magistrate judge thoroughly addressed plaintiff's first objection at pages 11–13 of the M & R, where he discusses the ALJ's weighing of the medical opinion evidence from Dr. Carl Smith ("Smith"), plaintiff's treating orthopedist, and Rosemarie Polinsky ("Polinsky"), plaintiff's treating physician's assistant. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence"). The magistrate judge correctly determined that the ALJ properly gave little weight to the opinions of Smith and Polinsky because said opinions lack support in the medical record, which, contrary to Smith's and Polinsky's opinions, gave no indication that plaintiff had difficulty bending at the waist nor had any problems with exposure to cold or damp environments. (See, e.g., Tr. 804 (omitting difficulty bending and issues with cold or damp environments from assessment of aggravating factors)). Moreover, the magistrate judge also noted,

5

correctly, that Smith and Polinksy assessed that plaintiff had no limitations in kneeling and crouching, where the record discloses that plaintiff's knee impairments indeed cause limitations in these functional areas, as the ALJ found. (See, e.g., Tr. 52, 521). Finally, the magistrate judge correctly found that where Smith and Polinsky opined that plaintiff is limited in his ability to stand or walk, but that other medical evidence in the record indicates that plaintiff's limitations are not as severe as assessed, (see, e.g., Tr. 804 (noting that plaintiff is "doing well" with existing pain medication and providing no increase in plaintiff's pain medication)), the ALJ acted within his discretion in granting little weight to this opinion evidence. See Mastro, 270 F.3d at 178.

Additionally, the magistrate judge thoroughly addressed plaintiff's second objection at pages 7–10, where he discusses the ALJ's determination that plaintiff was able to perform light work with restrictions noted in the RFC determination. "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). The magistrate judge recommends affirming defendant, where the ALJ found plaintiff's allegations of pain not fully credible based upon: 1) plaintiff's failure to avail himself of available treatment during periods in which he alleges pain; 2) observation that plaintiff's allegations of pain often follow precipitating events involving strenuous exertion such as moving furniture, indicating that plaintiff's pain is the result, in part, of strenuous activity rather than disability; 3) the routine, non-surgical, nature of plaintiff's treatment; and 4) absence of measured functional limitations in excess of those accounted for in the RFC determination. (See Tr. 22–23). Because the foregoing observations constitute substantial evidence in support of the ALJ's assessment of plaintiff's allegations of pain, there exists no basis to disturb the ALJ's decision in this instance. See Mickles, 29 F.3d at 929.

6

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the findings, analysis, and recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 20) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 27th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge